UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH JOSHUA LIGHTNER,

                               Plaintiff,                9:08-CV-1324
                                                                                   (GLS)

    v.

DEPARTMENT OF CORRECTIONS; CAYUGA
CORRECTIONAL FACILITY; J.P. CABISCA,
Correctional Officer; BARLOW, Correctional Officer,

                               Defendants.
_____

APPEARANCES:

KENNETH JOSHUA LIGHTNER
Plaintiff, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## DECISION AND ORDER

**I.    Background**

The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis* and request for injunctive relief, filed by Kenneth Joshua Lightner. Lightner, who is incarcerated at Fishkill Correctional Facility, has not paid the filing fee for this action.

Lightner originally filed his complaint in the United States District Court for the Southern District of New York. By Order of District Judge Harold Baer, Jr., filed December 8, 2008, the action was transferred to the Northern District. *See* Dkt. No. 3.

**II.    Allegations in the Complaint**

In his complaint, Lightner asserts claims arising out of an incident which occurred at Cayuga Correctional Facility in July of 2008. Lightner claims that after being "abused by C.O. Cabisca for being muslim," he wrote a letter to the Imam requesting religious

counseling. According to Lightner, this letter was confiscated during a cell search and disciplinary charges were placed against him for making threats against a corrections officer. Lightner was found guilty and sentenced to six months confinement in the special housing unit. Dkt. No. 1 at 2-3. For a complete statement of Lightner's claims, reference is made to the complaint.

The Court notes that in addition to C.O. Cabisca, Lightner names the New York State Department of Correctional Services ("DOCS")[1] and Cayuga Correctional Facility as defendants. The state itself cannot be sued under section 1983. *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir.1995) (citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71 (1989)). This is true whether the Court is considering Eleventh Amendment immunity or a statutory interpretation of section 1983. *Id.* at 815 n.3. An action against state officers in their official capacities, or an action against an agency of the state such as DOCS, is tantamount to an action against the state. *Yorktown Medical Laboratory v. Perales*, 948 F.2d 84, 87 (2d Cir. 1991) (official capacity actions); *Santiago v. New York State Dep't of Correctional Services*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (agencies of the state). Similarly, a correctional facility is immune from suit under section 1983 as it is a branch of DOCS. *See Rivera v. Goord*, 119 F.Supp.2d 327, 336 (S.D.N.Y. 2000).

Based upon the foregoing, Lightner cannot maintain an action for damages against DOCS or Cayuga Correctional Facility, and the Court hereby dismisses them as defendants.

---

[1] Lightner refers to DOCS as the "Department of Corrections" in his complaint.

C.O. Barlow is also named as a defendant in this action. However, Lightner's complaint does not contain any allegations of misconduct or wrongdoing against this individual. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.'" *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir. 1991)).

Accordingly, if Lightner wishes to proceed with this action against C.O. Barlow, he must file an amended complaint which includes specific allegations of wrongdoing by this individual which Lightner claims violated his rights. Any such amended complaint, **which shall supersede and replace in its entirety Lightner's original complaint**, must contain a caption that clearly identifies, by name, each individual that he is suing in the present lawsuit, and must bear the case number assigned to this action. The body of Lightner's amended complaint should contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The amended complaint must set forth the pertinent facts, including the wrongful acts of each named defendant that give rise to the claim(s), as well as the dates, times and places of the alleged acts. Lightner must not name DOCS or Cayuga Correctional Facility as defendants in his amended complaint. Lightner is hereby afforded **thirty (30) days** from the date of the filing of this Order in which to file an amended complaint.

### III.   *In Forma Pauperis* Application

Turning to Lightner's application to proceed *in forma pauperis*, after reviewing the file, the Court finds that Lightner may properly proceed with this matter *in forma*

*pauperis.*

## IV.     Request for Injunctive Relief

Lightner has submitted a letter request seeking injunctive relief. Dkt. No. 8. Lightner claims that he has been threatened with physical harm by members of the corrections staff at Fishkill unless he discontinues this lawsuit. *Id.* at 1. Lightner seeks an order of this Court prohibiting such conduct and mandating that he continue to be confined at a facility that "provides constant surveillance." *Id.*

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Id.* at 77 (affirming district court's denial of inmate's request for preliminary injunction).

Because the defendants have not yet been served with process in this action, Lightner's motion for injunctive relief is premature and must be denied. Moreover, the Court notes that except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65 (d); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988). Since Lightner has not identified any of the defendants in this action as the persons responsible for the alleged threats of harm, the requested relief cannot be granted in this action.

WHEREFORE, it is hereby

ORDERED, that the "Department of Corrections" and "Cayuga Correctional Facility" are dismissed as defendants in this action, and it is further

ORDERED, that Lightner's *in forma pauperis* application is granted,[2] and it is further

ORDERED, that the Clerk provide the Superintendent of the facility designated by Lightner as his current location with a copy of Lightner's authorization form, and notify the official that this action has been filed and that Lightner is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of Lightner's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that Lightner file with the Court **within thirty (30) days** from the date of the filing of this Order, an amended complaint which complies fully with the terms of this Order as detailed above if he wishes to pursue claims against C.O. Barlow, and it is further

ORDERED, that upon the filing of an amended complaint or, in all events, no later than **thirty (30) days** from the date of the filing of this Order, the Clerk return the case to the Court for further review and issuance of an order directing service of process on the defendant(s), and it is further

ORDERED, that Lightner's motion for injunctive relief (Dkt. No. 8) is **denied**, and

---

[2] Lightner should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

it is further

ORDERED, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing the date that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Court or the Clerk that does not include a proper certificate of service will be returned without processing.** Lightner must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Lightner is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on Lightner.

IT IS SO ORDERED.

Dated: January 23, 2009

_____
United States District Court Judge